Jeffrey R. Krinsk  (CA Bar No. 109234)
jrk@classactionlaw.com
Mark L. Knutson (CA Bar No. 131770)
mlk@classactionlaw.com
William R. Restis (CA Bar No. 246823)
wrr@classactionlaw.com
FINKELSTEIN & KRINSK LLP
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

Attorneys for Plaintiff
and the Putative Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER J. HANDAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation;<br><br>Defendant. | Case No. **'15CV2127 CAB BLM**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) BREACH OF CONTRACT;<br>(2) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;<br>(3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200 FOR "UNLAWFUL", "UNFAIR" AND "FRAUDULENT" BUSINESS PRACTICES;<br>(4) VIOLATION OF CAL. BUS. & PROF. CODE § 17500 FOR FALSE ADVERTISING; and<br>(5) BREACH OF CIVIL CODE § 1750 *et seq.* (THE CONSUMER LEGAL REMEDIES ACT)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amber J. Handal ("Plaintiff") alleges as to herself based on her own experience, and as to all other allegations, based upon the investigation of counsel, which included, *inter alia*, a review of complaints, reports, advisories, press releases, and media reports about defendant Volkswagen Group of America, Inc. ("Volkswagen" or "Defendant").

I. **INTRODUCTION**

1.     This class action concerns the intentional installation of "defeat devices"[1] on over 482,000 diesel Volkswagen and Audi vehicles sold in the United States since 2009 that are designed to trick computer programs measuring vehicle emissions quality and thusw allo Defendant to misrepresent purportedly attractive attributes to falsely market the vehicles.

2.     Defendant marketed those vehicles as environmentally friendly cars that possessed extremely high fuel efficiency and performance, with very low emission, but Defendant failed in fact to manufacture vehicles as represented and having those desirable and advertised attributes.

3.     According to the U.S. Environmental Protection Agency ("EPA"), Volkswagen installed its "defeat device" software in at least the following models of its vehicles equipped with 2-liter diesel engines: VW Jetta (model years 2009-15), VW Beetle (model years 2009-15), VW Golf (model years 2009-15), and VW Passat (model years 2012-15), as well as the Audi A3 (model years 2009-15), (the "Class Vehicles" or "Vehicles").

4.     The California Air Resources Board is currently investigating whether the Defendant installed the defeat device in other cars as well, so additional vehicle models and model years may be added to the Class Vehicles when new facts are discovered.

5.     Instead of delivering on their promise of extremely high fuel mileage

_____

[1] *See* September 18, 2015 EPA News Release (defining Defendant's cheat mechanism as a "defeat device" under the Clean Air Act).

1

CLASS ACTION COMPLAINT

coupled with low emissions, Defendant devised a way to make it *appear* that the Class Vehicles did what they said they would when, in fact, they did not.

6.      The defeat devices Defendant designed and installed works by switching on the full emissions control systems in Class Vehicles *only* when the car is undergoing periodic emissions testing. The technology needed to control emissions from Defendant's cars to meet state and federal emissions regulations reduces their performance, limiting acceleration, torque, and fuel efficiency.

7.      For years, Volkswagen has advertised its diesel vehicles as low-emission, fuel-efficient cars. Indeed, this marketing message is at the core of its image in the United States. It has been a successful advertising campaign; Volkswagen has become the largest seller of diesel passenger vehicles in the United States.

## II.      JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d), 1446, and 1453(b).  Plaintiff alleges that Plaintiff and Class members are citizens of different states as Defendant, and the cumulative amount in controversy for Plaintiff and the Class exceed $5 million, exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because many of the acts and transactions giving rise to the violations of law complained of herein occurred in this District and because Defendant:

(a)      conducts business itself or through agent(s) in this district, by providing services to Class members located in this District; and/or

(b)      is licensed or registered in this District; and/or

(c)      otherwise have sufficient contacts with this District to justify Defendant being fairly brought into court in this District.

## III.      PARTIES

### A.      PLAINTIFF'S EXPERIENCE WITH DEFENDANT

10.      Plaintiff Amber J. Handal is, and at all times relevant hereto was, a

2

CLASS ACTION COMPLAINT

resident of San Diego, California, County of San Diego, and a citizen of California.

11.   On or about May 9, 2013 Plaintiff leased a 2013 model year Volkswagen Clean Diesel Jetta from Mossy Volkswagen of El Cajon, California.

12.   Plaintiff leased the car specifically for its fuel efficiency and "Clean Diesel" technology, and paid a premium for it.

13.   On September 16, 2015, Plaintiff first learned of Volkswagen's scheme to defraud the EPA and that her car does not, in fact, meet all regulatory requirements as she relied upon in leasing her vehicle.

**B.   DEFENDANT**

14.   Defendant Volkswagen Group of America, Inc. ("Volkswagen" or "Defendant") is a New Jersey Corporation with its headquarters in Herndon, Virginia. Volkswagen Group of America, Inc. is subsidiary of the Volkswagen Group, and is responsible for the design, manufacture, import, distribution, and/or sale of Audi and Volkswagen cars in North America, including the 2009-14 Volkswagen Jetta, Beetle and Golf, the 2014-15 Volkswagen Passat, and the 2009-15 Audi A3 diesel vehicles. Defendant is registered to do business in California and maintains testing, design, and distribution facilities in this State.

15.   Defendant's parent company Volkswagen Group is the world's biggest auto company, outselling Toyota and General Motors in 2015.

**IV.   SUBSTANTIVE ALLEGATIONS**

16.   After being confronted in 2014 with evidence that some diesel models did not comply with pollution standards, Volkswagen executives originally offered technical explanations, according to a letter of complaint sent to Defendant by the Environmental Protection Agency ("EPA") and the California Air Resources Board.

17.   But early in September 2015, Defendant admitted to the EPA that Volkswagen diesel vehicles sold in the United States had defeat device software deliberately designed to cheat on EPA standard emissions tests.

18.   Defendant designed, marketed, advertised and sold and/or leased

3

CLASS ACTION COMPLAINT

1    approximately 500,000 Class Vehicles in the United States since 2009 that emit
2    enormous amounts of pollutants, failing state and federal environmental regulations by
3    several orders of magnitude.

4            19.    Defendant programmed Class Vehicle engines to detect certification tests
5    over many years and through three generations of engines. According to the EPA, the
6    defeat device software installed by Defendant on the Class Vehicles measured factors
7    such as the position of the steering wheel, the vehicle's speed and even barometric
8    pressure to sense when the Vehicles were being subjected to testing. "These inputs
9    precisely track the parameters of the federal test procedure," the EPA wrote in its
10   notice of violation to Volkswagen.

11           20.    When Class Vehicles detected that they were being tested, the Vehicles
12   then reconfigure to reduce emissions of nitrogen oxide, a gas that is a major
13   contributor to smog and is linked to an array of respiratory ailments including asthma,
14   emphysema and bronchitis.

15           21.    Defendant's defeat device software allows Class Vehicles to emit up to
16   40 times the legally allowed amount of nitrogen oxide.

17           22.    Technology exists to reduce the amount of nitrogen oxides emitted by
18   diesels. But the technology also tends to reduce fuel economy as well as horsepower.
19   The software installed by Volkswagen on Class Vehicles avoided this trade-off.

20           23.    Volkswagen installed the defeat device software on Class Vehicles as a
21   cheat to make the Vehicles appear to meet EPA emissions standards without
22   degrading the power or fuel efficiency of Class Vehicle engines, which Volkswagen
23   marketed as comparable in performance to gasoline engines. Actually meeting EPA
24   standards would also undercut the fuel efficiency that is one of Defendant's main
25   selling points of the Class Vehicles.

26           24.    Indeed, being both highly efficient and "clean" are the centerpieces of
27   Defendant's diesel engine marketing campaign. "Clean Diesel" is in the very name of
28   the vehicles about which Defendant intentionally mislead the public.

4

CLASS ACTION COMPLAINT

25.     The EPA will require Defendant to recall nearly half-a-million Class Vehicles equipped with 2-liter diesel engines for repairs to make them compliant with smog regulations. However, the changes are likely to reduce fuel consumption and performance. Thus, Plaintiff and Class members are in a no-win situation: if they get the Vehicles software repaired, the Class Vehicles will suffer fuel economy and performance losses, and corresponding depreciation in resale value. If Class members decline to accept Volkswagen's repair of the software, the Class Vehicles will not be certifiable as passing emissions requirements, and will suffer resale depreciation and non-salability.

26.     The Clean Air Act has strict emissions standards for vehicles and it requires vehicle manufacturers to certify to the EPA that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA-issued certificate of conformity. Under federal law, cars equipped with defeat devices, which reduce the effectiveness of emissions control systems during normal driving conditions, cannot be certified. By manufacturing and selling and/or leasing vehicles with defeat devices that allowed for higher levels of emissions than were certified to the EPA, Volkswagen violated the Clean Air Act, defrauded its customers, and engaged in unfair competition under state and federal laws.

27.     Defendant charges substantial premiums for the "Clean Diesel" engines in Class Vehicles. Not only did Plaintiff and Class members pay too much for cars now worth substantially less, but they will end up paying more to fuel their less efficient cars over the years they own and/or lease their vehicles.

28.     For example, for the 2015 Volkswagen Jetta, the base S Model with a gasoline engine has a starting MSRP of $18,780. The base TDI S Clean Diesel, however, has a starting MSRP of $21,640 a price premium of $2,860. The Clean Diesel premium for the highest trim Jetta models with a comparable gasoline engine is substantially higher: The Jetta SE has a starting MSRP of $20,095, while the Clean

5

1   Diesel TDI SEL MSRP is $26,410, a 24% premium. These premiums occur across all

2   of the vehicles in which Defendant installed its "defeat device" for emissions testing.

3          29.    Had Plaintiff and Class members known of the "defeat device" at the

4   time they purchased or leased their Class Vehicles, they would not have purchased or

5   leased those vehicles, or would have paid substantially less for the vehicles than they

6   did.

7          30.    Moreover, when Volkswagen recalls the Class Vehicles and degrades the

8   Clean Diesel engine performance in order to make the Class Vehicles compliant with

9   EPA standards, Plaintiffs and Class members will be required to spend more on fuel

10  and will not benefit from the performance qualities of their vehicles as advertised.

11         31.    Moreover, Class Vehicles will necessarily be worth less in the used

12  market place because of their decrease in performance and efficiency, which means

13  that owners of Class Vehicles will not be able to recoup nearly as much value in the

14  future.

15  **V.    CLASS ACTION ALLEGATIONS**

16         32.    Plaintiff brings this action as a class action pursuant to Federal Rule of

17  Civil Procedure 23(a) and 23(b)(2) and 23(b)(3) under Counts I and II for the

18  following "National Class" of persons:

19             All natural and legal persons within the United States, who purchased
               or leased at least one: Volkswagen Jetta (model years 2009-15),
20             Volkswagen Beetle (model years 2009-15), Volkswagen Golf (model
               years 2009-15), Volkswagen Passat (model years 2012-15), and/or
21             Audi A3 (model years 2009-15) between January 1, 2008 and
               September 15, 2015, and had the vehicle as of September 16, 2015.
22

23  Excluded from the National Class are all legal entities, Defendant herein and any

24  person, firm, trust, corporation, or other entity related to or affiliated with any

25  defendant, as well as any judge, justice or judicial officer presiding over this matter

26  and members of their immediate families and judicial staff.

27         33.    Plaintiff also brings this action as a class action pursuant to Federal Rule

28  of Civil Procedure 23(a) and 23(b)(2) and 23(b)(3) under Counts III and IV for the

CLASS ACTION COMPLAINT

following "California Class" of persons:

> All California residents, who purchased or leased at least one: Volkswagen Jetta (model years 2009-15), Volkswagen Beetle (model years 2009-15), Volkswagen Golf (model years 2009-15), Volkswagen Passat (model years 2012-15), and/or Audi A3 (model years 2009-15) between January 1, 2008 and September 15, 2015, and had the vehicle as of September 16, 2015.

Excluded from the California Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

34.   The members of the Class are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are thousands of members in the proposed Class. Defendant can readily obtain information to identify members of the Class, such that members of the Class can be identified from records maintained by Defendant.

35.   Each Class member was damaged in a manner that allows Class-wide restitution and/or damages as determined by Defendant's records.

36.   Plaintiff's claims are typical of the claims of the other members of the Class.  All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of law.  Plaintiff has no interests adverse to the Class.

37.   Plaintiff will fairly and adequately protect the Class members' interests and has retained counsel competent and experienced in consumer class action lawsuits and complex litigation.

38.   Defendant has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and

7

fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, *inter alia*:

(a)     Whether Volkswagen designed, manufactured, marketed, and distributed Class Vehicles with a "defeat device" on Class Vehicles;

(b)     Whether Volkswagen designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

(c)     Whether the Clean Diesel engine systems in Class Vehicles can be made to comply with EPA standards without substantially degrading the performance and/or efficiency of the Vehicles;

(d)     The effects on horsepower, acceleration, and fuel efficiency of bringing Class Vehicles up to state and federal emissions standards;

(e)     Whether Defendant breached a contract with Plaintiff and Class members concerning the Vehicle's "Clean Diesel" technology, horsepower, acceleration and/or fuel efficiency;

(f)     Whether Class Vehicles are merchantable;

(g)     Whether Defendant's conduct constitutes "unlawful", "unfair" or "fraudulent" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including:

(1)     Whether Defendant's conduct violated the Clean Air Act;

(1)     Whether Defendant's conduct constitutes "unfair" business practices because they are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

(2)     Whether Defendant's conduct constitutes an "unfair" business practice because consumer injury outweighs any countervailing benefits to consumers or competition, and because such injury could not be reasonably avoided by consumers; and

(3)     Whether Defendant's misrepresentations concerning its "Clean

CLASS ACTION COMPLAINT

Diesel" engines, and their horsepower, acceleration, and/or gas mileage constitutes a "fraudulent" business practice because members of the public are likely to be deceived

(h)     Whether Defendant's sale of Class Vehicles constitutes misleading and deceptive advertising under, *inter alia*, CAL. BUS. & PROF. CODE § 17500 because Volkswagen labels, markets and otherwise advertises the Class  in a deceptive, false, or misleading manner.

(i)     The nature and extent of restitution, damages, equitable remedies, and injunctive relief to which Plaintiff and the Class are entitled;

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them.   There will be no difficulty in managing this action as a class action.

40.     Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## ON BEHALF OF THE NATIONAL CLASS
## BREACH OF CONTRACT

41.     Plaintiff incorporates by reference the above allegations in paragraphs 1 through 40, inclusive, if fully set forth below.

42.     Plaintiff asserts this count individually and for the proposed Class.

43.     Defendant made promises and representations to Plaintiff and Class members concerning Volkswagen's "Clean Diesel" engines, and their corresponding horsepower, acceleration, and fuel efficiency, which became the basis of the bargain between Plaintiff, Class members, and Defendant. Volkswagen gave these express representations to Plaintiff and Class members accompanying the sale of Class

9

1 Vehicles.

2     44.    The Class Vehicles failed to comply with Defendant's express

3 representations because Defendant equipped each of the Class Vehicles with a "defeat

4 device" designed to misrepresent the emissions from Class Vehicles.

5     45.    As a direct and proximate result of Volkswagen's breach of contract,

6 Plaintiff and Class members have suffered damages and continue to suffer damages,

7 including economic damages at the point of sale for the difference between the value

8 of Class Vehicles as promised and the value of the Class Vehicles as delivered.

9     46.    Plaintiff and Class members are entitled to legal and equitable relief

10 against Defendant, including damages, specific performance, rescission, attorneys'

11 fees, costs of suit, and other relief.

12
**SECOND CAUSE OF ACTION**
**ON BEHALF OF THE NATIONAL CLASS**

13 **BREACH IMPLIED WARRANTY OF MERCHANTABILITY**

14     47.    Plaintiff incorporates by reference the above allegations in paragraphs 1

15 through 40, inclusive, if fully set forth below.

16     48.    Plaintiff asserts this count individually and for the proposed Class.

17     49.    Defendant Volkswagen and its authorized agents and dealers sold Class

18 Vehicles to Plaintiff and Class members in the regular course of business.

19     50.    Defendant Volkswagen impliedly warranted to Plaintiff and Class

20 members, that Class Vehicles were of merchantable quality (*i.e.*, a product of a high

21 enough quality to make it fit for sale, usable for the purpose it was made, of average

22 worth in the marketplace), would pass without objection in the trade or business, and

23 reasonably fit for the use for which they were intended. Volkswagen either knew or

24 should have known of the purposes for which the Class Vehicles are advertised and

25 used, and Defendant should have been aware Plaintiff and the Class members were

26 relying on defendant Volkswagen's skill and judgment to furnish suitable goods for

27 such purpose.

28     51.    Defendant breached its implied warranties by selling Plaintiff and Class

10

members Class Vehicles that were not suitable for the emissions, horsepower, acceleration, and/or gas mileage purposes of Plaintiff and the Class.

52.     Defendant's installation of the defeat device renders the Class Vehicles unfit for their ordinary use and purpose.

53.     Defendant was on notice of the unsuitability of Class Vehicles for the emissions, horsepower, acceleration, and/or gas mileage purposes of Plaintiff and the Class, through Defendant's own scheme to implement and conceal the defeat device and its affect on Class Vehicles.

54.     The defeat device existed when Class Vehicles left Defendant's and its dealers' possession.

55.     As a direct and proximate result of Defendant's breach of its implied warranties, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale for the difference between the value of Class Vehicles as promised and the value of the Class Vehicles as delivered.

56.     Plaintiff and Class members are entitled to legal and equitable relief against Defendant, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief.

## THIRD CAUSE OF ACTION
## ON BEHALF OF THE CALIFORNIA CLASS
## FOR "UNLAWFUL", "UNFAIR" and "FRAUDULENT" BUSINESS PRACTICES IN VIOLATION OF THE UCL

57.     Plaintiff incorporates by reference the above allegations in paragraphs 1 through 40, inclusive, if fully set forth below.

58.     California Business and Professions Code § 17200, *et seq*. prohibits acts of unfair competition which includes any "unlawful, unfair or fraudulent business act or practice."

59.     Defendant violated the UCL by selling and leasing Class Vehicles that failed to comply with the Clean Air Act.

11

CLASS ACTION COMPLAINT

60.    Defendant's conduct constitutes "unfair" business practices because: the injury to Plaintiff and the Class outweighs any countervailing benefits to consumers or to competition, and because such injury could not be reasonably avoided by Plaintiff and the Class.

61.    Defendant's conduct constitutes "unfair" business practices by violating the spirit and policy of the federal Clean Air Act, and is otherwise oppressive, unscrupulous, unconscionable, and substantially injurious to Plaintiff and the Class. The gravity of the harm to Plaintiff and the Class outweighs any countervailing benefits to Defendant or to competition.

62.    Defendant's conduct constitutes "fraudulent" business practices because members of the public are likely to be deceived by Volkswagen's misrepresentations concerning the "Clean Diesel" engines, as well as the Class Vehicles' horsepower, acceleration, and gas mileage.

63.    As a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has been wrongfully deprived of money or property. Plaintiff suffered injury-in-fact as a result of Defendant's wrongful conduct.

64.    Accordingly, Defendant received and are in possession of excessive and unjust revenues and profits, and/or have caused Plaintiff and other Class members to lose money or property directly as a result of Defendant's wrongful acts and practices.

65.    As a result of the above unlawful acts and practices of the Defendant, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendant continuing these wrongful practices, and such other equitable relief, including restitution and disgorgement of all improper revenues and ill-gotten profits derived from their wrongful conduct to the fullest extent permitted by law. Additionally, Plaintiff requests that the Court award all members of the California Class, who were of the attained age of 65 at the time of the Defendant's wrongful

12

1 | conduct as alleged herein, to receive a statutory trebling of their restitutionary award

2 | pursuant to CAL. CIV. CODE § 3345.

3 | **FOURTH CAUSE OF ACTION**
**ON BEHALF OF THE CALIFORNIA CLASS**

4 | **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ*. -**
**UNTRUE, MISLEADING AND DECEPTIVE ADVERTISING**

5 |

6 | 66.    Plaintiff incorporates by reference the above allegations in paragraphs 1

7 | through 40, inclusive, if fully set forth below.

8 | 67.    At all material times, Defendant engaged in a scheme misrepresenting

9 | and/or omitting the benefits and features of its Clean Diesel engines, and Class

10 | Vehicles' horsepower, acceleration, and gas mileage capabilities, to Plaintiff, and

11 | other members of the Class by way of, *inter alia*, commercial marketing, and

12 | advertising, internet content, and other promotional materials.

13 | 68.    These materials, advertisements and other inducements misrepresented

14 | and/or omitted the true nature of Defendant's Clean Diesel engines, and Class

15 | Vehicles' horsepower, acceleration, and gas mileage capabilities,  as alleged herein.

16 | 69.    Defendant's advertisements and other inducements come within the

17 | definition of advertising as contained in CAL. BUS. PROF. CODE §§ 17500, *et seq*., in

18 | that such promotional materials were intended as inducements to purchase or lease

19 | Class Vehicles and are statements disseminated by Defendant to Plaintiff and other

20 | members of the Class.

21 | 70.    Defendant knew, or in the exercise of reasonable care should have

22 | known, that the misrepresentations and/or omissions concerning the benefits and

23 | features of its Clean Diesel engines, and Class Vehicles' horsepower, acceleration, and

24 | gas mileage capabilities, were false, misleading and/or deceptive.

25 | 71.    Consumers, including Plaintiffs and members of the Class and the

26 | California Sub-Class, necessarily and reasonably relied on Defendant's statements

27 | regarding the Class Vehicles. Consumers, including Plaintiffs and members of the

28 | Class, were among the intended targets of such representations.

13

72.    The above acts of Defendant, in disseminating said misleading and deceptive statements throughout the State of California, were and are likely to deceive reasonable consumers by obfuscating the true nature of Defendant's Clean Diesel engines, and Class Vehicles' horsepower, acceleration, and gas mileage capabilities,, and thus were violations of CAL. BUS. PROF. CODE §§ 17500, *et seq.*

73.    Plaintiff and Class were harmed and suffered injury as a result of Defendant's violations of the CAL. BUS. PROF. CODE §§ 17500, *et seq.* Defendant has been unjustly enriched at the expense of Plaintiff and the members of the Class.

74.    Accordingly, Plaintiff and members of the Class a seek injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendant's wrongful conduct to the fullest extent permitted by law.

**FIFTH CAUSE OF ACTION**
**FOR VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**
**("CLRA"), CALIFORNIA CIVIL CODE §§ 1750, *ET SEQ.***

75.    Plaintiff incorporates by reference the above allegations in paragraphs 1 through 40, inclusive, if fully set forth below.

76.    The California Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE §§ 1750, *et seq.*, provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale or lease of goods or services.

77.    Plaintiff and the Class are "consumers" as defined by CAL. CIV. CODE § 1761(d).  The sale or lease of Class Vehicles sold by Defendant constitute "goods" as defined by CAL. CIV. CODE § 1761(a).

78.    Defendant's misrepresentations and failure to deliver Class Vehicles equipped with Clean Diesel engines providing the horsepower, acceleration and gas mileage advertised by Defendant violate subsections of CAL. CIV. CODE § 1770(a) as follows:

(5)    Defendant's acts and practices constitute misrepresentations that

14

CLASS ACTION COMPLAINT

Defendant's Class Vehicles have characteristics, benefits or uses which they do not have;

(7)     Defendant misrepresented that Defendant's Class Vehicles are of a particular standard, quality and/or grade, when they are of another;

(9)     Defendant's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

(14)   Defendant's acts and practices fail to represent that the transaction involving Defendant's Class Vehicles purportedly equipped with Clean Diesel engines confers or involves obligations that are prohibited by law, particularly the imposition of illegal penalty liquidated damages provisions, forfeiture and other onerous sales terms;

79.     By reason of the foregoing, Plaintiff and the Class have been irreparably harmed, entitling them to injunctive relief, disgorgement and restitution.

80.     Pursuant to CAL. CIV. CODE § 1782 of the CLRA, Plaintiff, in connection with the commencement of this action, notified Defendant in writing of the particular violations of § 1770 of the CLRA and demanded that Defendant rectify within thirty (30) days the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so.   Plaintiff sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

81.     Should Defendant fail to adequately respond to Plaintiff's demand within 30 days of the letter demand issued under § 1782 of the CLRA, then Plaintiff and the Class will amend this Complaint to include a claim for compensatory and exemplary damages, along with a claim for costs, attorneys' fees and any other relief which the Court deems proper under the CLRA.

## VI.   **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A.     For an order declaring that this action is properly maintained as a class

15

CLASS ACTION COMPLAINT

1  action and certifying a class representative in accordance with Federal Rule of Civil

2  Procedure 23, appointing Plaintiff as representative for the Class, and appointing

3  Plaintiff's counsel as Class counsel;

4       B.     For an order awarding Plaintiff and the members of the Class damages,

5  restitution and/or disgorgement, an injunction prohibiting Defendant's wrongful

6  conduct, and/or other equitable relief as the Court deems proper, including but not

7  limited to imposition of a constructive trust upon Defendant's revenues resulting from

8  the unlawful and unfair business acts and practices described herein;

9       C.     For an order enjoining Defendant from continuing to engage in the

10 unlawful and unfair business acts and practices as alleged herein;

11      D.     For treble recovery on all restitutionary awards to senior citizen members

12 of the Class pursuant to CAL. CIV. CODE § 3345;

13      E.     For an order awarding Plaintiff and the members of the Class pre-

14 judgment and post-judgment interest;

15      F.     For an order awarding attorneys' fees and costs of suit, including experts'

16 witness fees as permitted by law;

17      G.     For compensatory and punitive damages, including actual damages,

18 arising from Defendant's wrongful and illegal acts; and

19      H.     Such other and further relief as this Court may deem just and proper.

20                                     Respectfully submitted,

21                                     FINKELSTEIN & KRINSK LLP

22

Dated:  September 23, 2015           By
23                                       Jeffrey R. Krinsk
                                         Mark L. Knutson
24                                       William R. Restis

25                                     Counsel for Plaintiff and the Class

26

27

28

16

CLASS ACTION COMPLAINT